FeeemAN, J.,
delivered the opinion of the court.
The bill is filed in this case to remove a cloud from the alleged title of complainant by declaring a deed ■ made in 1865, from Abraham Bryson to his daughter Hannah, void, as being voluntary and fraudulent as to creditors.
The bill alleges that complainant had in June, 1867, obtained judgment against the said A. Bryson, before a justice of the peace, for $192.68, had execution issued thereon and levied on the land; the papers returned to the Circuit Court, the land ordered to be sold by that court; that the Sheriff sold the same, and complainant purchased it for the amount of his debt and costs.
The answer of A. Bryson admits the making of the deed to Hannah Bryson, his daughter, denying all fraud, but does not admit or deny the recovery of the judgment alleged or the other facts alleged in reference to the purchase of the land by complainant. The answer of Hannah Bryson says it may be true that complainant recovered a judgment against Abraham Bryson at the time and for the amount stated, and that an execution issued and was levied on the land, and that the same was sold as stated, and bid off by complainant, etc.; but of all this she of her own knowledge knows nothing, except she was present when the sheriff offered the land for sale, and forbid the sale, claiming it as her own.
*141 The only evidence of complainants title found in the record, is a Sheriff’s deed for the land, no judgment, execution, levy or order of sale is shown, except by recital in said deed.
The Chancellor held the deed fraudulent and void as to creditors, but that complainant did not get any legal title to the land by the sale, but was of the opinion the complainant was entitled under his general prayer for relief to a satisfaction of his judgment stated in his bill, and ordered the land to be sold, complainant’s judgment to be first satisfied out of the proceeds, the balance, if any, to be Hannah Bryson’s — the land to be sold without the equity of redemption.
The bill is filed. to remove a cloud from complainant’s title, and to have the deed to Hannah Bryson declared void as such cloud. In order to this relief, the complainant must show that he himself has the title, or else he has no right to have a cloud removed from that to which he has no title in himself. He has alleged title by virtue of the judgment, execution levied, and order of sale. These facts, constituting his title, are not proven, nor are they admitted in the answer. Under this state of facts he could not ask' that the deed be declared void for his benefit: see Ross v. Young, 5 Sneed, 630. In order to show title in himself in this case, the complainant must have shown, not only the sheriff’s deed, but the record of the recovery of the judgment, a levy, and sale regularly made, defendant being in possession of the land. This he has failed to do. The sheriff’s deed. *142 alone could not be evidence of title as against Hannah Bryson, especially as she has by her answer put plaintiff in proof of allegations of his bill, by not admitting them, and denying all knowledge on the subject: 3 Hum., 16; 8 Yerg., 179. The Chancellor properly, then, held that complainant was not entitled to the main relief sought in the bill. Can his decree be sustained ordering the land sold for complainant’s debt? On this question we have had some difficulty in arriving at a satisfactory conclusion. We have no doubt from the proof that the deed is a fraudulent •device to hinder and delay creditors. The debt of complainant is clearly made out in the proof. It would be a useless expense and trouble to the parties should we dismiss this bill and compel the complainant to file ■another to enforce his debt. All the parties are before the court, and the debt distinctly and clearly alleged in the bill, not denied- to be just, and clearly proven. Under this state of facts, we think- his Honor decreed correctly when he ordered the land to be sold in satisfaction - - of complainant’s debt. The allegations of the bill are sufficient on which to grant this relief, and the general prayer of the bill may well be applied to them so as that it may be decreed.
We therefore feel constrained to affirm the decree of the Chancellor, except that we direct the land to be sold on six and twelve months’ credit, subject to redemption, as we hold it is not imperative on the •court to bar the equity of redemption, but a matter •of sound legal discretion, to be exercised in view of *143 the fact of the case. The party is very old, poor, infirm, and has other creditors who may redeem the land, if opportunity is given them. Costs of both courts to be paid out of the proceeds of sale.